IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KATHLEEN THOMAS                :
938 DUNLORING COURT       :
UPPER MARLBORO, MARYLAND 20774  :
                                   :
     Plaintiff,                  :
                                   :
v.                              :    Civil Action No.
                                 :
FINNEGAN, HENDERSON, FARABOW  :
GARRETT & DUNNER, LLP      :
901 NEW YORK AVENUE, NW    :
WASHINGTON, DC 20001-4413    :
                                 :
     Serve:  CT Corporation Systems  :
           1015 15th St NW, Suite 1000  :
           Washington, DC 20005    :
                                 :
     Defendant.               :

<u>COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND VIOLAITON OF THE FLSA AND DC WAGE ACT</u>

Kathleen Thomas, Plaintiff, by and through her undersigned counsel, for her Complaint for Employment Discrimination and violation of the Fair Labor Standard Act and the DC Wage Act, hereby states as follows:

## PARTIES

1.    Plaintiff, Kathleen Thomas is an adult resident of the State of Maryland with her regular place of abode in Upper Marlboro, Maryland.

2.    Defendant, Finnegan & Henderson is a District of Columbia Limited Liability Partnership with its principal place of business located in the District of Columbia.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

4.      Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS COMMON TO ALL COUNTS

5.      Plaintiff was hired by Defendant on or about November 22, 1999 as a legal secretary.

6.      Plaintiff was approximately 49 years old when she was hired.

7.      Plaintiff regularly received outstanding reviews and performance appraisals and was given regular bonuses and pay increases.

8.      In or about October, 2014, Plaintiff was promoted to the position of Legal Assistant although she did not receive the attendant salary increase.

9.      In or about March, 2015, Plaintiff disclosed to Defendant that she suffered from spinal stenosis, a condition that substantially limited Plaintiff's ability to walk long distances, sit or stand in one place for a long period of time, lift anything weighing more than 10-15 lbs. and generally caused pain and discomfort.

10.      In or about April, 2015, Plaintiff notified Defendant that she would be needing back surgery and would require several weeks off from work for the surgery and recovery.

11.      Plaintiff had taken approximately 6-8 weeks off from work in 2010 for back surgery for a similar condition.

12.      On April 8, 2015, despite repeated excellent performance evaluations and her recent promotion to Legal Assistant, Plaintiff was terminated.

13.      At the time of her discharge, Plaintiff was 64 years old and was by far the oldest Legal Assistant working for Defendant.

14.      At the time of her discharge, Plaintiff was earning $46.15 per hour.

15.    At the time of her discharge, Plaintiff's regular work schedule was 9-530 and she was supposed to get a 30 minute lunch break each day.

16.    Instead of her 30 minute lunch break, Plaintiff worked through lunch at her desk approximately 3 days per week because she had too much work to get done if she took a lunch break.

17.    Additionally, Plaintiff routinely arrived at work and began working by approximately 8-815 each morning.

18.    Defendant required that all overtime be approved in advance and set up a very difficult system to have overtime approved after the fact.

19.    Plaintiff and other similarly situated employees were discouraged from seeking approval for overtime.

20.    If Plaintiff and other similarly situated employees turned in time sheets showing more than 40 hours in any given week, the time sheets were routinely rejected and Plaintiff and other similarly situated employees were required to either get approval for the overtime or turn in time sheets with overtime hours removed.

21.    On a rare occasion when overtime was approved, Plaintiff would receive compensation in the way of compensatory time which was paid at Plaintiff's straight time rate and was simply accrued along with other leave accruals to which Plaintiff was entitled.

22.    Plaintiff's overtime rate was $69.23/hr and Plaintiff routinely worked 5-7 hours of uncompensated overtime each week.

23.    On or about April 17, 2016, Plaintiff her charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 570-2015-01099, which was cross filed with the District of Columbia Office of Human Rights.

24.     EEOC issued its Right to Sue Letter on or about December 8, 2015 which Plaintiff received in the mail on or about December 15, 2015.

<u>COUNT I</u>
<u>VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT</u>
<u>ADEA – 29 U.S.C. §621, ET SEQ</u>

25. This action is brought pursuant to the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq., for employment discrimination on the basis of age.

26.     The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of her employment in the way of wrongful discharge from employment.

27.     Plaintiff was the oldest employee in her position and the only one who as discharged.

28.     A causal connection exists between Defendant's actions in termination Plaintiff and Plaintiff's age.

29.     Defendants' aforementioned conduct and statements reflect directly on a discriminatory attitude toward Plaintiff.

30.     Defendants' actions constituted a violation Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. Seq.,

31.     In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, loss of income, and other damages.

32.     Defendant's conduct was malicious, willful and intentional.

<u>COUNT II</u>
<u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>
<u>42 U.S.C.A. §12101</u>

33.     Plaintiff is an individual with a disability as defined by the ADAAA.

34.     Plaintiff suffers from spinal stenosis, which substantially impacts the operation of a major bodily function, specifically, Plaintiff's ability to stand, sit, walk or lift items weighing more than 15 lbs.

35.     Plaintiff informed Defendant of her disability and the impact that it had on her major life functions as well as her ability to work.

36.     Defendant has violated the ADAAA by discharging Plaintiff from employment because of her disability.

37.     Defendant's actions are willful, intentional and done with the intent to harm Plaintiff.

38.     Plaintiff has suffered and continues to suffer harm and damages including wage loss, mental and emotional distress and other damages.

<u>COUNT III</u>
<u>VIOALATION OF THE DC HUMAN RIGHTS ACT</u>
<u>DC CODE ANN. §2-1402.11, ET SEQ.</u>

39.     Defendant has subjected Plaintiff to unequal terms and conditions of employment, discipline, harassment and discharge due to her age and her disability, in violation of DC Code Ann. §2-1402.11, <u>et</u> <u>seq</u>., which specifically prohibits such actions by an employer.

40.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

41.     Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

## COUNT IV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201, ET SEQ.

42. At all times relevant to this action, Defendant was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

43. At all times relevant to this action, Defendant was an employer as defined by §203(d) of the FLSA.

44. At all times relevant to this action, Plaintiffs and others similarly situated were employees as defined by §203(e)(1) of the FLSA and worked for Defendant in the United States.

45. Plaintiffs and other similarly situated employees' primary duty does not fall within exemption to the FLSA and therefore, Plaintiff and other similarly situated employees are not exempt and are entitled to be overtime at 1.5 times their hourly rate for any hours in excess of 40 that they work in any week.

46. The provisions set forth in §§206 and 207 of the FLSA apply to Defendant, Plaintiffs and all similarly situated employees who were covered by the FLSA while they were employed by Defendant.

47. Plaintiffs and other similarly situated employees were not exempt and were entitled to be paid overtime for all hours in excess of 40 that they worked in any week.

48. Defendant has failed and refused to pay Plaintiffs and other similarly situated employees according the provision of the FLSA.

49. The willful and intentional systems, practices and duties required of Plaintiffs, while employed at Defendant have existed for at least three years.

50.     Defendant has been aware of the requirements of the FLSA and its regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the FLSA.

51.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiffs, as well as others similarly situated, have suffered damages by failing to receive compensation due and owing to them pursuant to §207 of the FLSA.

52.     In addition to the amount of unpaid wages and benefits due and owing to Plaintiffs and others similarly situated, they are also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on their damages.

53.     Defendant's actions in failing to compensate Plaintiffs and others similarly situated, in violation of the FLSA, were willful and intentional.

54.     Defendant has not made a good faith effort to comply with the FLSA.

55.     Plaintiffs and others similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## COUNT V
## VIOLATION OF THE DC MINIMUM WAGE ACT
## DC CODE §32-1001, ET SEQ.

56.     Defendant has failed and refused to pay Plaintiffs and other similarly situated employees according the provisions of the DC Minimum Wage Act.

57.     The systems, practices and duties required of Plaintiffs and similarly situated employees, while employed at Defendant have existed for at least three years.

58.     Defendant has been aware of the requirements of the DC Minimum Wage Act and its applicable regulations. Despite this knowledge, Defendant has failed and refused to pay its employees in accordance with the DC Minimum Wage Act.

59. Plaintiffs and other similarly situated employees are entitled to the amount of unpaid overtime wages, plus an amount of liquidated damages equal to their unpaid overtime, prejudgment interest and attorneys fees.

60. Plaintiffs and other similarly situated employees are entitled to have their claims addressed as a collective action, pursuant to applicable law.

WHEREFRORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendant for

A.      Count I in the amount of $300,000.00 in compensatory damages and $300,000.00 in punitive damages;

B.      Count II in the of $300,000.00 in compensatory damages and $300,000.00 in punitive damages;

C.      Count III in the of $300,000.00 in compensatory damages and $300,000.00 in punitive damages;

D.      Count IV in an amount not less than $50,000.00 or such other amount as proven at the trial of this matter;

E.      Count V in an amount not less than $50,000.00 or such other amount as proven at the trial of this matter;

F.      Award Plaintiff all of her costs associated with this matter, including her attorneys' fees;

G.      Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

### **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated: March 14, 2016

Respectfully Submitted,

/s/Neil S. Hyman_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814
301-841-7105 (p)
301-986-1301 (f)
neil@neilhymanlaw.com

*Counsel for Plaintiff*